# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2014

Lyle W. Cayce
Clerk

No. 12-60981
Summary Calendar

JAIRO DE LOS SANTOS, also known as Jairo De Los Santos-Dominguez,
also known as Jairo Dominguez-Trujillo,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 624 927

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jairo De Los Santos, a native and citizen of Mexico, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ's) order denying asylum, withholding of removal, and relief under the Convention Against Torture (CAT). De Los Santos maintains that he is entitled to withholding of removal and CAT relief

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60981

because he has been persecuted due to his sexual orientation and fears that he will again suffer this treatment if he repatriates.  De Los Santos has failed to brief, and has thus abandoned, any claims he may have had concerning the rejection of his request for asylum and the IJ's conclusion that he was not credible.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

We generally review only the decision of the BIA, but where, as is the case here, the BIA adopts the IJ's decision or is affected by the IJ's reasoning, we review the IJ's decision as well.  *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  We apply the substantial evidence standard in reviewing the IJ's factual conclusion that an alien is not entitled to withholding of removal and CAT relief.  *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  Reversal under this standard is not warranted unless we decide "not only that the evidence supports a contrary conclusion, but also that the evidence compels it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation marks and citation omitted).

De Los Santos has not shown that the evidence compels a conclusion contrary to that reached by the BIA and IJ with respect to those entities' rejection of his request for withholding of removal.  *See Chen*, 470 F.3d at 1134. Even if we ignore the adverse credibility determination, the evidence simply does not mandate a conclusion different than that reached by the agency on the issue of whether "it is more likely than not that [his] life or freedom would be threatened by persecution on account of" his sexual orientation if he returned to Mexico.  *See Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004).

De Los Santos alleged that his uncle sexually abused him and that one policeman did not act appropriately when De Los Santos reported that abuse on one occasion.  This treatment may be "unfair, unjust, or even unlawful," but it does not amount to the sort of "extreme conduct" that constitutes

2

persecution.  *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006). Additionally, there is no indication that Mexican officials sanctioned this conduct.  Indeed, De Los Santos's own testimony that he had not experienced trouble with Mexican authorities and had no reason to believe that he would experience such trouble if he returned to Mexico undermines his arguments concerning the likelihood of persecution if he returns to his home country. *See Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005). De Los Santos has not shown that the record evidence compels a conclusion contrary to that reached by the BIA and the IJ on the issue of whether he was entitled to withholding of removal.  *See Chen*, 470 F.3d at 1134.

We reach the same result with respect to his claim for relief under the CAT.  To obtain CAT relief, an alien must show that it is more likely than not that he will suffer torture if returned to his home country.  *Zhang*, 432 F.3d at 344–45.  A review of the record does not compel a conclusion contrary to that of the agency on the issue whether De Los Santos should receive CAT relief. *See Chen*, 470 F.3d at 1134.  Even if he could make the showing of "severe pain or suffering," his CAT claim would still fail because there is nothing to show that the abuse he received was officially condoned.  *See id.* at 1142.

The petition for review is DENIED.